**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
Matthew M. Loker, Esq. (SBN 279939)
2700 N. Main Street, Ste. 1000, Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert L. Hyde, Esq. (SBN: 227183)
Joshua B. Swigart, Esq. (SBN: 225557)
2221 Camino Del Rio South, Suite 101, San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Nicholas J. Bontrager, Esq. (SBN: 252114)
369 S. Doheny Dr., #415, Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carrie Couser**, individually and on behalf of all others similarly situated individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Pre-Paid Legal Services, Inc.** d/b/a **Legal Shield**; **Terry Frick**; and **CallFire Inc.**,<br><br>Defendants. | **Case No: 12CV2575 LAB WVG**<br><br>**First Amended Class Action Complaint For Damages** |

**HYDE & SWIGART**
San Diego, California

**12CV2575 LAB WVG**

**INTRODUCTION**

1. **Carrie Couser** brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of **Pre-Paid Legal Services, Inc.** d/b/a **Legal Shield** ("Legal Shield"); **Terry Frick** ("Frick"); and **CallFire Inc.** ("CallFire"), (the defendants are also jointly referred to here as "Defendants"), in negligently, and/or knowingly, and/or willfully, contacting the plaintiff by way of the plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading the plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. *TCPA, Pub.L. No. 102–243, § 11*.

> Toward this end, Congress found that [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings.)

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a consumer similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Assocs., LLC*, 696 F.3d 943 (9th Cir. Cal. 2012).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because a defendant is subject to personal jurisdiction in the County of San Diego, State of California.

## Parties

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Legal Shield is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in One Pre-Paid Way, Ada, OK 74820.

11. Plaintiff is informed and believes, and thereon alleges, that CallFire is, and at all times mentioned herein was, a corporation whose State of Incorporation is Delaware, and principal place of business is at 15260 Ventura Blvd Suite 2000, Sherman Oaks, CA 91403-5351.

12. Plaintiff is informed and believes, and thereon alleges, that Frick is, and at all times mentioned herein was, a person who resides at 57901 South 356 Road, Jennings, OK 74038.

13. Defendants Legal Shield and CallFire, are and at all times mentioned herein were, corporations and is a "person," as defined by 47 U.S.C. § 153 (10).

14. Defendant Frick is and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (10).

15. Defendant Legal Shield is a company that advertises and provides pre-paid legal assistance. Plaintiff alleges that at all times relevant herein Legal Shield conducted business in the State of Oklahoma and does business in the County of San Diego, and within this judicial district, and at all relevant times acted an an agent of CallFire.

16. Defendant CallFire is a company located in California that provides voice and text connectivity to over 100,000 businesses, including insurance agents, small-business owners, and marketers. Plaintiff alleges that at all times

relevant herein CallFire conducted business in the State of California and in the County of San Diego, and within this judicial district.

17. Defendant Frick is a natural person. Frick operates from the City of Ada, and the State of Oklahoma, and is, and at all relevant times was, an employee or agent of Legal Shield acting within the course and scope of his employment, and there was a causal nexus between Frick's acts and his employment. Consequently, any subsequent illegal actions by Frick were the responsibility of Legal Shield, vicariously, under the doctrine of Respondeat Superior, or other vicarious liability theories, and Defendants are liable for those acts.

18. CallFire is a company that advertises and engages in text messaging through the use of automated dialers and prerecorded messages, and was an agent of Legal Shield and Frick at all relevant times.

### FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

20. Legal Shield and CallFire is, and at all times mentioned herein were, corporations and a "person," as defined by 47 U.S.C. § 153 (10).

21. Frick is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10).

22. At all times relevant Defendants conducted business in the State of California and in the County of San Diego, within this judicial district.

23. At no time prior to Defendants' initial contact with Plaintiff did Plaintiff provide Plaintiff's cellular phone number to any defendant through any medium.

24. At no time did Plaintiff ever enter in a business relationship with any defendant.

25. Defendants obtained Plaintiff's contact information, including Plaintiff's cellular phone number, through means unknown to Plaintiff.

26. Beginning in June 2012, at the express instruction and guidance of Legal Shield, through Legal Shield's employee and representative, Frick, Defendants began contacting Plaintiff for the purpose of soliciting Plaintiff's business, on her cellular telephone by way of an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

27. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. To date, Plaintiff has received approximately 40 calls on her cellular telephone, all calls coming from Defendants, where Defendants utilized an "artificial or prerecorded voice" in conjunction with an ATDS.

31. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

32. Plaintiff never provided prior express consent to receive the calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

33. These telephone calls by Defendants, or their agents, violated 47 U.S.C. § 227(b)(1).

## Class Action Allegations

34. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

35. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendants or its agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Sub-Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendants or its agents sent any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

32. As a person that received at least one marketing and artificial or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size

of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. § 227 et seq.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Prayer for Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, jointly and severally:

## First Cause of Action for Negligent Violation of
## the TCPA, 47 U.S.C. § 227 et seq.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**Second Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 et seq.**

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**Trial by Jury**

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 7, 2013             By: /s/ Robert L. Hyde
                                  Robert L. Hyde
                                  Attorneys for Plaintiffs