# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIER COUSER,<br><br>          Plaintiff,<br><br>     vs.<br><br>PRE-PAID LEGAL SERVICES, INC. d/b/a LEGAL SHIELD; TERRY FRICK; and CALLFIRE INC.,<br><br>          Defendant. | CASE NO. 12-CV-2575-LAB-WVG<br><br>**ORDER RE: VENUE** |

Having further considered the venue problem that it flagged in this case, the Court no longer believes sending this case to the Central District is the right thing to do. First, the fact that responsive pleadings have been filed means Defendants have waived any argument that venue is lacking. *Levald v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir. 1993); *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966). Second, one of those responsive pleadings is a motion to dismiss that is still pending, and the Court is unwilling to drop that on the desk of another judge in the Central District. Third, the Court itself has partially misconstrued the venue rules here, although not in any way that has led it to the wrong ultimate conclusion. In its first Order to Show Cause, for example, it didn't recognize that 28 U.S.C. § 1391(b)(3) is a fall-back venue provision, assuming venue can't be established under §§ 1391(b)(1) or 1391(b)(2). *See Hamad v. Gates*, 2010 WL 4511142 at *5 (W.D. Wash. Nov. 2, 2010). The Court has also, it believes, construed § 1391(b)(3)

in a way that fails to differentiate it from § 1391(b)(2). But again, neither of those errors make its conclusion that venue is improper here wrong.

The fact is that Couser erred here by paying scant attention to the venue statute when she filed this case, the Defendants erred by doing nothing, and the Court erred by recognizing the problem at too late of a juncture and assuming it could act *sua sponte* when responsive pleadings had already been filed. This case should stay in this District. That said, Hyde & Swigart is warned that the Court will screen all new case filings and either dismiss or transfer those in which venue appears to be improper. The Court will rule soon on the pending motion to dismiss in this case.

**IT IS SO ORDERED**.

DATED: January 15, 2014

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge